His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a damage suit. The plaintiff alleges that on December 15th, 1913, at about 5:45 o’clock P. M., a car owned and operated by the defendant company ran into a wagon drawn by two mules, his property, while standing still across defendant’s tracks on Toledano Street, between Annunciation and Chippewa Streets at a distance of about 175 feet from the corner, and while the driver had stepped out of the wagon and had entered the yard to open the door leading into the stables; that he suffered the following damages, viz: .
Treatment of mule ......................... $31.50
Repairs to wagon .......................... 27.80
Repairs to harness.................'......... 10.00
Loss of driver’s time ....................... 3.00
Loss of mule............................... 225.00
Making a total of......................... .$297.30
Defendant admits the collision, but ‘ ‘ avers that at the time and place it was very dark and the motorman in charge of the car was unable to see the wagon, which was' left standing without a driver and without a light .in *118 the street in a position of danger. Respondent avers that it was negligence on the part of the driver in charge of said wagon to leave it on the street after dark without a light to indicate its position as such conduct was in violation of City Ordinance No. 7017, N. 'C. ¡S., enacted for the public safety, the violation of which is negligence p else'. That the motorman discovered the wagon .as soon as it was possible for him under the circumstances to do so, and as soon as he discovered it he made diligent efforts to stop the car in time to avoid running into the wagon, but was unable to do so owing to the lack of time and space.”
There was judgment for defendant and plaintiff has appealed.
If we'admit that it was'negligence on the part of the plaintiff to have left his wagon standing across defendant’s track without a driver or a light, it would not entitle the defendant to a judgment if the evidence shows that by the exercise of proper care it could have avoided the collision.
The law on the subject is thus stated in Kramer vs. RRd., 51 A., 1689 (1693):
“The general rule that contributory negligence of the plaintiff in a suit for damages for personal injuries will defeat his action, requires only the statement. The plaintiff concedes it, but claims his case is within the qualification that even if there is contributory negligence of the grossest kind on the part of the plaintiff, his recovery will not be defeated, if there has been a plain disregard of that ordinary care on the part of defendant, that if exerted, would have averted the accident, causing the injuries for which damages are sought. The qualifications variously stated in the text books and affirmed by decisions, is as well settled as the rule itself, of which qualifications may be deemed part. Our Courts, *119 like others, have had occasion to apply the qualification, and we have expressed it substantially as it is laid down in decisions and text books.”
Quoting numerous authorties.
This principle was followed in 105 La., 418, 106 La., 236, and more especially in 111 La., 781 (789), McClanahan vs. Brd., where the railroad was held responsible for running over a drunken man lying across the track, on the ground that the engineer could and should have seen him and that his negligence in not doing so was tile “proximate cause of the accident.”
To the numerous authrities quoted in the above case we will add the following:
49 A., 491; 52 A., 245 (248); 120 Fed. Rep., 783; 66 Fed. Rep., 915; 60 Fed. Rep., 996; 88 Fed. Rep., 120, 121; 139 U. S., 551 (558); 43 N. Y, 75, 82; 6 Gray, 64, 72; 29 Md., 420; 13 How., 101, 109; 7 Am. & Eng. Ency. Law (2. Ed) . 387, 2 Supp. idem, p. 63; Radley vs. Rrd., 1 Appeal Cases, 754; 18 English Rep., Moaks’ Notes 37 (41); Sherman & Redfield, on Negligence (5th Ed.), 99; 1 Thompson on Neg., 239, 240, 241.
This is merely adopting the principle laid down in the familiar case of Davies vs. Mann, 10 Mees. & W., 546, where a defendant was held liable for running over a donkey turned out on the road to graze with his forefeet fettered so that he could not get out of the way.
• ‘ ‘ The violation of a city ordinance does not necessarily carry with it the abrogation of the application to particular cases of the rules of contributory neg *120 ligence, or other questions affecting defensively the liability of the defendant for damages.”
Lopes vs. Sahuque, 114 La., 1005 Ct. App. Central Glass Co. vs. Heiderich, 6 Vol., p. 336.
The only question therefore remaining in the case is whether at the time of the accident it was SO' dark that the motorneer could not, with proper attention, have seen the wagon in time to avoid the accident, or whether there was light enough to have allowed him to see it.
There is a conflict of testimony upon this point. Plaintiff’s driver says it was not dark, it was dusk; that the weather had been fair that day and the sun had been shining. A passenger on the car, and another witness, a bystander, testify it was dusk, just getting dark, that they could see a block off. Defendant’s conductor says it was pretty dark and the motorneer says it was dark and foggy. Our own observation of the condition of the atmosphere at that time inclines us to believe plaintiff's witnesses. We are satisfied that it was not so dark that the motorneer could not have seen a wagon far enough ahead to have avoided a collision if he had been on the lookout. Even at dusk a wagon on the street can be seen at a distance of more than one hundred feet. There is no proof that the day had been cloudy and dark; on the contrary the driver testifies that the day had been fair.
We think the plaintiff has established the items for treatment of the mule, for repairs to the wagon and harness amounting to $69.30 and the damages to the mule to the extent of $135, making a total of $204.30 for which he is entitled to judgment.
It is therefore ordered that the judgment appealed from be reversed and judgment is now rendered in favor *121 of plaintiff and against the defendant for two hundred and four 30/100 dollars with legal interest from the datq of this judgment till paid -and costs in both Courts.
Opinion and decree, December 20th, 1915.
Judgment reversed.